UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **BELINDA SPEARS**, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**TARTER GATE COMPANY, LLC**,<br><br>Defendant. | Complaint - Class Action<br><br>Jury Trial Demanded<br><br>Nationwide Relief Sought<br><br>Civil Case No.: 1:24-cv-149-GNS |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Belinda Spears, individually and on behalf of all others similarly situated, by and through her attorneys, hereby brings this Collective and Class Action Complaint against Defendant Tarter Gate Company, LLC, and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiff brings this action for himself and all other similarly situated hourly-paid production workers to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Plaintiff also brings this action for himself and on behalf of all other similarly situated hourly-paid production workers to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of Kentucky Revised Statutes ("KRS"), Chapter 337, §§ 337.020 to 337.285.

3. Defendant Tarter Gate Company, LLC is a manufacturer of farm and ranch

equipment. Defendant has a workforce of roughly 1,000 employees across 12 facilities in Kentucky and Utah.

4. Defendant employs hourly-paid production workers who are responsible for assisting with its manufacturing operations.

5. Plaintiff and the putative FLSA collective and Rule 23 class members are hourly-paid production workers employed by Defendant in the last three (3) years, who were deprived of proper wages as a result of the following unlawful policies maintained by Defendant:

   a. Failing to pay hourly-paid production workers for all hours worked, due to frequently malfunctioning timeclocks; and

   b. Excluding certain compensation paid by Defendant to hourly-paid production workers (i.e. retention bonuses) from its calculation of their overtime rates of pay, which they received when their paid hours exceeded forty (40) in a workweek.

6. As a result of these policies, Defendant failed to pay hourly-paid production workers for all hours worked, including hours worked in excess of forty (40) hours in a week, and failed to pay them time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violation of the FLSA and KRS Chapter 337.

7. Plaintiff asserts the FLSA claims individually and on behalf of a putative FLSA Collective," defined as:

*All hourly-paid production workers employed by Defendant in the United States or in any other place covered by the FLSA at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

8. Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid production workers of Defendant informing them of their rights to assert FLSA claims in this collective action by filing consent forms.

9. Plaintiff asserts the KRS Chapter 337 claims individually and on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid production workers employed by Defendant Kentucky at any time from five (5) years prior to the filing of this Complaint through the date of judgment.*

10. Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

13. The Court has general personal jurisdiction over Defendant because it is domiciled in Kentucky.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

## PARTIES

15. Defendant Tarter Gate Company, LLC is a limited liability company created and existing under and by virtue of the laws of the State of Kentucky.

16. Defendant has a principal address at 10739 South U.S. 127, Dunnville, Kentucky, 42528.

17. Defendant's registered agent for service of process in Kentucky is C T Corporation, 306 W. Main Street, Suite 512, Frankfort, Kentucky 40601.

18. Plaintiff Belinda Spears ("Spears") is a resident of Liberty, Kentucky.

19. Spears was employed by Defendant an hourly-paid production worker from approximately November 2023 to July 2024.

20. Spears' job title was "builder."

21. Spears' written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

## FACTUAL ALLEGATIONS[1]

22. Defendant is a manufacturer of farm and ranch equipment.

23. Defendant operates an enterprise engaged in commerce or in the production of goods for commerce, as defined under the FLSA.

24. Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

25. Defendant is an enterprise that has two (2) or more employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

26. Defendant was the "employer" of hourly-paid employees within the meaning of the FLSA and KRS Chapter 337.

27. Hourly-paid production workers are "employees" of Defendant within the meaning of the FLSA and KRS Chapter 337.

28. Hourly-paid production workers' primary job duty is to assist with Defendant's manufacturing operations.

29. Hourly-paid production workers' job titles include, but are not limited to builders, assemblers, painters, product hangers, machine operators, fabricators, banders, welders, and

---

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of five years prior to the filing of this Complaint through the present.

4

warehouse workers.

30. Hourly-paid production workers' base compensation consists of an hourly rate of pay.

31. In addition to their base compensation, Defendant also pays hourly-paid production workers through forms of compensation including but not limited to retention bonuses.

32. Defendant is contractually obligated to pay each hourly-paid production worker for all hours worked.

33. Defendant requires hourly-paid production workers to record their time by clocking in and out on a timeclock.

34. Defendant suffers and permits hourly-paid production workers to regularly work more than forty (40) hours per week.

35. Defendant requires hourly-paid production workers to follow work schedules that typically consist of at least four shifts per week, each consisting of at least ten (10) hours of scheduled work time (exclusive of unpaid meal break periods), with the total scheduled work time equating to at least forty (40) hours in the week.

36. In many weeks, hourly-paid production workers were unable to clock in or out on a timeclock because it was malfunctioning.

37. Defendant was aware that hourly-paid production workers were unable to clock in or out on a timeclock because it was malfunctioning, but failed to accurately record or pay for their hours in such weeks.

38. As a result, there have been many workweeks in the time period of three years prior to the filing of this Complaint through the present in which Defendant has failed to pay hourly-paid production workers for all hours worked, which have regularly exceeded forty (40)

hours in a workweek.

39. Defendant fails to pay hourly-paid production workers for hours worked in excess of forty (40) in a workweek at a rate of or greater than 1.5 times their regular rate of pay.

40. In many weeks Defendant further fails to include additional compensation hourly-paid production workers receive in addition to their base hourly wages when determining their regular rates of pay, for purposes of determining the rate to pay them for hours worked in excess of forty (40) in a workweek.

41. Defendant fails to include retention bonuses hourly-paid production workers receive in addition to their base hourly wages when determining their regular rates of pay, for purposes of determining the rate to pay them for hours worked in excess of forty (40) in a workweek.

42. Defendant's retention bonuses paid to hourly-paid production workers are "made as compensation for[] hours of employment" for purposes of 29 U.S.C. § 207(e)(2), and thus are not eligible for exclusion from the calculation of their overtime rates of pay.

43. The FLSA requires overtime to be paid at least 1.5x an employees' "regular rate," which, subject to some exceptions not relevant here, includes "all remuneration for employment paid to, or on behalf of, the employee'" *See* 29 C.F.R. § 778.108. KRS Chapter 337 imposes similar requirements.

44. Defendant violates these requirements by failing to pay hourly-paid production workers for hours worked in excess of forty (40) in a workweek at a rate of or greater than 1.5 times their regular rate of pay.

45. Defendant is aware of, and/or recklessly disregards the possibility that the rate it pays hourly-paid production workers for hours worked in excess of forty (40) in a workweek is

less than 1.5 times their regular rate of pay.

46. Defendant is aware of, and/or recklessly disregards the possibility that the rate it pays hourly-paid production workers for hours worked in excess of forty (40) in a workweek unlawfully fails to incorporate the additional forms of compensation they receive in addition to their base hourly wages.

47. Defendant has willfully violated the FLSA and KRS Chapter 337.

48. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

49. As a result of its unlawful pay and timekeeping policies, there have been many weeks within the three years preceding this action in which Defendant failed to pay hourly-paid production workers for all hours worked, including hours worked in excess of forty (40) hours in a week, and failed to pay them time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violations of the FLSA and KRS Chapter 337.

50. For example, in the workweek ending April 6, 2024, respectively, Defendant failed to pay Plaintiff for all hours worked, including hours worked in excess of forty (40) hours in a week, and failed to pay her time-and-a-half of her regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violations of the FLSA and KRS Chapter 337.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff re-alleges and incorporates all previous paragraphs herein.

52. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid workers who have been affected by

Defendant's common unlawful policies and practices which include failing to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

53. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All hourly-paid production workers employed by Defendant in the United States or in any other place covered by the FLSA at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

54. Plaintiff reserves the right to amend this definition as necessary.

55. As a result of the Defendant's illegal policies, there were many weeks in which Defendant failed to compensate members of the FLSA collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

56. Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

57. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

58. Plaintiff seeks to send notice to the hourly-paid workers of Defendant informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

59. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated

because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

60. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

61. Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

62. Plaintiff re-alleges and incorporates all previous paragraphs herein.

63. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which include failing to pay straight time and overtime compensation, in violation of the KRS Chapter 337.

64. Plaintiff brings this Rule 23 class action on behalf of:

*All hourly-paid production workers employed by Defendant in the State of Kentucky at any time from five (5) years prior to the filing of this Complaint through the date of judgment.*

65. Plaintiff reserves the right to amend this definition as necessary.

66. Plaintiff brings this Rule 23 class action against Defendant to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the KRS Chapter 337.

67. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the State of Kentucky. The Rule 23 class members should be easy to identify

from Defendant's payroll and personnel records.

68. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

69. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay straight time and overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

70. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

71. Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

72. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and

her counsel know of no unusual difficulties in this case.

73. Plaintiff and the Rule 23 class members demand a trial by jury.

## COUNT I
### (Individual and 29 U.S.C. § 216(b) Collective Action Claims)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### Failure to Pay Overtime Wages

74. Plaintiff re-alleges and incorporates all previous paragraphs herein.

75. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of her employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed.

76. Plaintiff and the FLSA collective members worked over forty (40) hours a week for Defendant in many workweeks.

77. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the FLSA collective members for all hours worked in excess of forty (40) hours in a workweek.

78. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the FLSA collective members overtime pay at a rate of 1.5 of their regular rates of pay.

79. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

80. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

81. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked to forty (40) in all weeks for which overtime wages are owed, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(Individual and Fed R. Civ. P. 23 Class Action Claims)**
**Violation of KRS § 337.285**
**Failure to Pay Overtime Wages**

82. Plaintiff re-alleges and incorporates all previous paragraphs herein.

83. KRS § 337.285 provides: "[n]o employer shall employ any of his or her employees for a work week longer than forty (40) hours, unless such employee receives compensation for his or her employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1-1/2) times the hourly wage rate at which he or she is employed…"

84. Plaintiff and the Rule 23 class members worked over forty (40) hours a week for Defendant in many workweeks.

85. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked in excess of forty (40) hours in a workweek.

86. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 class members overtime pay at a rate of 1.5 of their regular rates of pay.

87. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

88. As a result of Defendant's uniform and common policies and practices described

above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked to forty (40) in all weeks for which overtime wages are owed, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to KRS § 337.385.

## COUNT III
### (Individual and Fed R. Civ. P. 23 Class Action Claims)
### Violation of KRS § 337.020
### Failure to Pay Wages

89. Plaintiff re-alleges and incorporates all previous paragraphs herein.

90. KRS § 337.020 requires "[e]very employer doing business in this state [to], as often as semimonthly, pay to each of its employees all wages or salary earned to a day not more than eighteen (18) days prior to the date of that payment."

91. Defendant was contractually obligated to pay Plaintiff and the Rule 23 class members for all hours worked.

92. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked.

93. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

94. As a result of Defendant's conduct described above, Plaintiff and the Rule 23 class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amount, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to KRS § 337.385.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the FLSA;

(B) A declaratory judgment that Defendant's wage practices alleged herein violate the KRS Chapter 337;

(C) An Order for injunctive relief ordering Defendant to comply with the FLSA and KRS Chapter 337, and end all of the illegal wage practices alleged herein;

(D) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the KRS Chapter 337 claims set forth herein;

(F) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H) Designating Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I) Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J) Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA;

(K) Judgment for damages for all unpaid overtime wages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under KRS Chapter 337;

(L) Judgment for damages for all unpaid wages, liquidated damages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under KRS Chapter 337;

(M) An incentive award for the Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(N) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and KRS Chapter 337;

(O) Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(P) Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: December 18, 2024 | THE LAWRENCE FIRM, PSC |
| By: | /s/ Anne L. Gilday |

Anne L. Gilday (KY Bar No. 90126)
535 Madison Avenue, Suite 500
Covington, KY 41011
Telephone: 859-578-9130
Fax: 859-578-1032
anne.gilday@lawrencefirm.com

*Local Counsel for Plaintiff*

Nicholas Conlon (to seek PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*