UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00149-GNS

BELINDA SPEARS                                                                                              PLAINTIFF

v.

TARTER GATE COMPANY, LLC                                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Partial Motion to Dismiss (DN 8). The motion is ripe for adjudication.

### I.      STATEMENT OF FACTS AND CLAIMS

On December 18, 2024, Plaintiff Belinda Spears ("Spears"), individually and on behalf of potential class members, filed this action alleging that Defendant Tarter Gate Company ("Tarter") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Kentucky's state wage and hours laws, KRS 337.020-337.285. (Compl. ¶¶ 1-2, DN 1). In particular, Spears alleges that Tarter both failed to pay its employees for the actual number of hours which they worked ("hours violations") and failed to properly compute employees' overtime rates, resulting in underpayment for overtime worked ("overtime violations"). (Compl. ¶¶ 5-6). The purported violations relating to actual hours worked occurred because a timeclock used by Tarter's employees was broken, and Tarter provided no alternative means for these employees to record their time. (Compl. ¶¶ 36-38). The overtime violations allegedly occurred because Tarter failed to include the value of retention bonuses in employees' base pay when calculating their overtime pay. (Compl. ¶¶ 41-45).

Tarter has moved to dismiss the FLSA and state law claims to the extent that they exceed the applicable statutes of limitation. (Def.'s Partial Mot. Dismiss, 1, DN 8). Spears opposes the motion. (Pl.'s Resp. Def.'s Partial Mot. Dismiss, DN 11).

## II.     JURISDICTION

Jurisdiction in this action is based on federal question and supplemental jurisdiction. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1367(a).

## III.     STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, a court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (internal citation omitted) (quoting *Twombly*, 550 U.S. at 557).

## IV.     DISCUSSION

### A.     FLSA Claims

The FLSA provides for a standard two-year statute of limitations, but this is extended to three years if the alleged FLSA violation was "willful." 29 U.S.C. § 255(a) ("Any action . . . may

be commenced within two years . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued . . . ."). Tarter contends that the three-year statute of limitations does not apply because Spears has not adequately pleaded willfulness, and that the portion of Spears's FLSA claim outside of the standard two-year statute of limitations should be dismissed. (Def.'s Partial Mot. Dismiss 1-3).

Tarter's argument, however, is premature at this phase of litigation. This dispute over the applicable statute of limitations has no effect on Spears's claims. Spears has alleged that he was employed by Tarter from "approximately November 2023 to July 2024." (Compl. ¶ 19). Thus, the earliest harm that Spears could have suffered was in November 2023, 11 months before this action was commenced and well within the FLSA's standard two-year statute of limitations. Therefore, this argument lacks merit.[1]

Even if the Court were to reach the issue, Spears has adequately alleged willfulness. A plaintiff's initial burden is low because "[a]t the motion-to-dismiss stage, the Plaintiffs must only state a plausible claim that the alleged violations were willful." *Doucette v. DIRECTV, Inc.*, No. 2:14-CV-02800-STA, 2015 WL 2373271, at *5 (W.D. Tenn. May 18, 2015). For a violation of the FLSA to be willful, the employer must either have known or shown reckless disregard for the matter of whether its conduct was prohibited by the statute. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002) (applying *McLaughlin*). Because willfulness is a question of fact, a court should only dismiss involving willfulness if there is "no legally sufficient evidentiary basis for a reasonable

---

[1] By raising the statute of limitations issue at this stage of litigation, Tarter is prematurely seeking a ruling to determine whether potential class members should be included in the class before any members have been identified. It is more appropriate for the Court to determine whether Tarter's alleged FLSA violations were willful with respect to any potential class members at the class certification phase.

jury to find for the nonmoving party." *Stansbury v. Faulkner*, 443 F. Supp. 3d 918, 935 (W.D. Tenn. 2020) (citations omitted).

Spears has pled sufficient facts to support a plausible claim of willful violation of the FLSA by Tarter. Specifically, Spears asserts that "[i]n many weeks, hourly-paid production workers were unable to clock in or out on a timeclock because it was malfunctioning," and that "Defendant was aware that hourly-paid production workers were unable to clock in or out on a timeclock because it was malfunctioning, but failed to accurately record or pay for their hours in such weeks." (Compl. ¶¶ 36-37). Accepting Spears's allegations as true, the fact that Tarter knew the timeclock was malfunctioning and that the malfunction prevented hourly-paid employees from recording their time but did nothing to accurately record or pay the employees for their time, makes it plausible that Tarter willfully violated the FLSA's pay provisions.

Additionally, Spears pleaded that Tarter failed to include the value of retention bonuses in computing Spears's overtime rate and that Tarter was aware of or recklessly disregarded this error. (Compl. ¶¶ 40-41, 44-45). Accepting these facts as true, Tarter either knew or recklessly disregarded the possibility that it was underpaying Spears for her overtime hours worked. This is sufficient, at the motion to dismiss phase, to establish that Tarter willfully violated the FLSA's overtime provisions. A jury could find that these timeclock and overtime issues are more than mere unintentional or unknowing recordkeeping errors. These facts, if true, could show a reckless disregard for the wage and hour laws which Tarter is accused of violating.

**B.    State Law Claims**

In 2024, the Kentucky General Assembly reduced the five-year statute of limitations for wage and hour claims to three years. *Compare* KRS 337.385(5) (2025) (three-year statute of limitations), *with* KRS 413.120(6) (five-year statute of limitations). Under Kentucky law, when

the state legislature changes a statute of limitations, claimants are to be given a "reasonable" time post-amendment to file suit under the prior statute of limitations. *Boothe v. Special Fund*, 668 S.W.2d 66, 67 (Ky. App. 1984), *overruled on other grounds by McGregor v. Pip Johnson Constr. Co.*, 721 S.W.2d 708 (Ky. 1986). In its motion, Tarter seeks dismissal of the portion of Spears's state law claims outside the three-year statute of limitations, arguing that Spears failed to bring suit within the reasonable time required. (Def.'s Partial Mot. Dismiss 1, 6).

As with Spears's FLSA claims, Tarter's motion to dismiss the state law claims is premature, as it has no effect on Spears's individual claims. Spears has alleged that she was employed by Tarter from "approximately November 2023 to July 2024." (Compl. ¶ 19). Thus, the earliest harm that Spears could have suffered would have occurred in November 2023, 11 months before this action was commenced and well within the applicable three-year statute of limitations. Therefore, the motion is also denied on this basis.[2]

## V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (DN 8) is **DENIED**.



September 10, 2025

cc:     counsel of record

---

[2] Tarter's argument regarding any state law claim also prematurely seeks to reduce the size of a potential class of plaintiffs. Whether any potential class members may have brought their claims within a "reasonable" time from the amendment of the statute of limitations must be determined at the class certification phase. At this stage, it is not possible to examine whether unknown and undefined individuals acted reasonably.